CITY OF CLIFTON, PROSECUTOR-APPELLANT, v. STATE
BOARD OF TAX APPEALS AND WEST RIDGELAWN
CEMETERY, DEFENDANTS-RESPONDENTS.

Submitted May 25, 1945—Decided September 27, 1945.

For the appellant, *John G. Dluhy* and *Frank W. Shershin.*

For the respondents, *Louis A. Fast, Joseph L. Lippman*
and *Samuel I. Kessler.*

The opinion of the court was delivered by

HEHER, J. The point in issue here is whether three par-
cels of land comprising eighty-seven acres (designated as the
"Memorial Park," "King Solomon" and "Woodland" par-
cels), acquired by the West Ridgelawn Cemetery in 1907, and
a fourth tract of twenty acres (called the "Lockwood" par-
cel), purchased by it on July 14th, 1939, are exempt from
taxation for the year 1940 under *R. S.* 54:4–3.9 and 8:2–27,
as lands actually used for cemetery purposes. The State
Board of Tax Appeals ruled in favor of the claimed exemp-
tion, on appeals from judgments of the Passaic County Board
of Taxation sustaining assessments for taxation for the stated
year. *Sub nom. West Ridgelawn Cemetery* v. *Clifton,* 20
*N. J. Mis. R.* 399; 26 *Atl. Rep.* (2d) 262. The rationale of
the decision is that whether the lands be considered as owned

by the West Ridgelawn Cemetery, the repository of the legal title, or by the Cresthaven Cemetery Association, incorporated under the *Rural Cemetery Act* (*R. S.* 8:1–1, *et seq.*), the holder of the equitable title, they are exempt from taxation for the year in question under the cited statutes. Following the allowance of the writ of *certiorari* herein, depositions were taken by the appellant municipality under *R. S.* 2:81–8, in an endeavor to show, as stated in the opinion of the Supreme Court, that while the legal title to the lands was vested in the West Ridgelawn Cemetery, the Cresthaven Cemetery Association, Inc., "a business corporation, and, admittedly, not a cemetery association within the purview of the applicable statutes, was, in fact, the owner and that the rural cemetery association was merely holding an equitable interest for the benefit of the business corporation;" but the conclusion of the court simply was, and this is the basis of the affirmance, that the municipality "has not established that the lands * * * were not, on the assessing date, owned by an appropriate cemetery association, and that they were not laid out and dedicated for cemetery uses, and that they were not either actually used for burials, or were not being laid out and prepared for such use." 131 *N. J. L.* 356.

These findings do not reach the crucial issue. The Memorial Park tract had been held taxable for the year 1938 on the ground that it was owned and possessed by the Cresthaven Cemetery Association, Inc., a business corporation organized under the *General Corporation Act* (*R. S.* 14:1–1, *et seq.*), and was devoted to cemetery uses for profit (*West Ridgelawn Cemetery* v. *State Board of Tax Appeals,* 124 *N. J. L.* 284; *affirmed,* 125 *Id.* 274); and it is (and was) the contention of the municipality that notwithstanding the formal transfer by the business corporation to the association organized under the *Rural Cemetery Act* of its rights in all these lands, there had not been an actual *bona fide* change of the "control and operation of all such lands from the business corporation to the rural association prior to the assessing date." It is said that, as of the assessing date, the "business corporation controlled the sale of lots in the Memorial Park and King Solomon parcels and that the Woodland and Lock-

wood tracts were not laid out, mapped or used or prepared for cemetery use;" and that, while the title to the lands rested in the West Ridgelawn Cemetery, the Cresthaven business corporation was, in fact, the owner thereof, and the rural association was merely the holder of an equitable interest for the benefit of the business corporation. There is, moreover, some evidence that the business corporation's interest in a portion of the Memorial Park parcel had not been transferred to the rural cemetery association at the assessing date. There was also evidence that the Lockwood parcel was acquired by the West Ridgelawn Cemetery on June 14th, 1939, with moneys supplied by an individual who was an officer of all three corporations; and it was proved that on the prior March 15th the municipality adopted an ordinance prohibiting the "establishment, operation, conduct and maintenance of any new cemetery, or the extension of and addition to any cemetery presently conducted as such" within the municipality, and that the regulation still subsists. And the Chancellor has enjoined the use of the Lockwood tract for cemetery purposes, as in violation of *R. S.* 8:3–1. *Clifton* v. *Cresthaven Cemetery Association, Inc.,* 136 *N. J. Eq.* 56. It is also the insistence of the municipality that, for non-compliance with the conditions thereto annexed, the consent granted by the Township of Acquackanonk, by ordinance adopted in 1905, to use these lands for cemetery purposes did not become effective; and that, even if the franchise did come into being, it was forfeited by nonuser and abandonment. None of these questions is considered in the conclusions of the Supreme Court.

The Supreme Court was under a duty to "determine disputed questions of fact as well as of law." *R. S.* 2:81–8. This of necessity implies that the factual issues shall be made the subject of specific findings. The substance rather than mere form determines the right to exemption from taxation. It is fundamental in the statute that if a cemetery is operated on a purely commercial plane, for the profit of the operators, the lands are liable to taxation. Such is the *ratio decidendi* of the case of *West Ridgelawn Cemetery* v. *State Board of Tax Appeals, supra.* The profit motive is alien to the con-

cept of cemeteries permissible under the *Rural Cemetery Act*. At least one-half of the proceeds of the sales of the cemetery lots are required to be appropriated to the payment of the purchase money of the lands "acquired by the association," until the whole thereof is paid; and the residue is directed ·to be used for the preservation, improvement and embellishment of the cemetery grounds, and the defrayment of the incidental expenses of the cemetery establishment. *R. S.* 8:2–11. *Vide Burke* v. *Gunther,* 128 *N. J. Eq.* 565; *affirmed,* 133 *Id.* 609; *Fidelity Union Trust Co.* v. *Union Cemetery Association,* 136 *Id.* 15. It is axiomatic that cemetery lands managed for private profit under the garb of a charitable use are subject to the burden of taxation incident to private ownership.

There is evidence which in the view of the municipality tends to establish an interlocking directorate and management of the business corporation and the rural cemetery association, and the operation of the cemetery for profit under the guise of the nonprofit association contemplated by the *Rural Cemetery Act.* The question thus raised was not resolved by the Supreme Court. And, as we have seen, there are other issues of fact and law remaining to be determined. Accordingly, in keeping with the usual course of procedure, the record will be remitted to the Supreme Court for a review of the evidence and the settlement of all factual issues, and the application of the appropriate principles of law to the facts as found, according to the statute and the rules and practice of that court. *Gibbs* v. *State Board of Taxes, &c.,* 101 *N. J. L.* 371; *Jordan* v. *Borough of Dumont,* 105 *Id.* 197; *Harman* v. *Reed,* 108 *Id.* 191; *Vanderbach* v. *Hudson County Board of Taxation,* 133 *Id.* 126.

The judgment is accordingly reversed; and the cause is remanded for further proceedings in conformity with this opinion; costs to abide the event.

*For affirmance*—None.

*For reversal and remand*—THE CHIEF JUSTICE, PARKER, BODINE, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 12.